**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

IN RE:

ELSIE JOHNSON,

        Debtor.                                  Case No. 10-12873
                                                        Bankr. No. 10-56623

_____/

ELSIE JOHNSON,

        Appellant,

v.

CACH, LLC,

        Appellee.

_____/

**OPINION AND ORDER REVERSING IN PART BANKRUPTCY COURT'S
ORDER TO AVOID JUDICIAL LIEN**

Pending before the court is Appellant Elsie Johnson's "Notice of Appeal" filed July 21, 2010. Johnson filed her opening appeal brief on August 27, 2010; Appellee CACH, LLC, filed its responsive brief on September 10, 2010; and Johnson filed a reply brief on September 22, 2010. Having reviewed the briefs, the court will reverse in part and affirm in part the bankruptcy court's order.

**I. BACKGROUND**

Appellant, Debtor in the underlying proceedings, filed a voluntary bankruptcy petition on May 19, 2010. On Schedule B of the petition, Debtor listed $688 garnished by CACH as personal property. (App. Designation 1.) These funds are the subject of this appeal.

Prior to bankruptcy, on August 24, 2009, CACH obtained a writ of garnishment on Debtor's expected Michigan income tax refund for tax year 2009. This garnishment was granted to partially satisfy a civil judgment of $6,302.22 entered in favor of CACH in the 36th District Court of Michigan. CACH served the writ of garnishment upon the Michigan Department of Treasury as garnishee on November 2, 2009, at which time the amount of any tax refund was unknown. The value of Debtor's tax refund was determined to be $688 after she filed her Michigan personal income tax return in April 2010. Acting pursuant to the writ of garnishment and Michigan Compiled Law 600.4061a, the Michigan Department of Treasury served notice of the garnishment upon Debtor and CACH on April 26, 2010. Debtor did not object to the garnishment with fourteen days as required by statute. Mich. Comp. Laws 600.4061a(2). Debtor instead filed a voluntary petition of Chapter 7 bankruptcy on May 19, 2010. On May 26, 2010, CACH received the funds.

During the course of bankruptcy proceedings, Debtor filed a motion to avoid CACH's judicial lien and recover the $688 already paid over to CACH as creditor. Following oral arguments, on July 13, 2010, the bankruptcy court granted the motion in part. The bankruptcy court extinguished the judicial lien, but it found that the $688 was property of CACH in which Debtor had no legal interest. On July 21, 2010, Debtor appealed the order denying return of the $688. Briefs were filed by Appellant and Appellee. The only issue before this court is whether 11 U.S.C. § 522 permits Debtor to avoid the transfer of the $688.

## II. STANDARD OF REVIEW

In reviewing a bankruptcy appeal, the district court must accept as correct the bankruptcy court's findings of fact, unless they are clearly erroneous. Fed. R. Bankr. P. 8013; *see also In re Wingerter*, 594 F.3d 931, 935-36 (6th Cir. 2010). The bankruptcy judge's conclusions of law, however, are reviewed *de novo*. *In re Wingerter*, 594 F.3d at 935-36. Issues of statutory interpretation are conclusions of law reviewed *de novo*. *United States v. Springer*, 609 F.3d 885, 889 (6th Cir. 2010); *In re Westfall*, 599 F.3d 498, 501 (6th Cir. 2010).

## III. DISCUSSION

Debtor presents two grounds upon which the $688 tax refund may be avoided. First, she claims it can be avoided under § 522(f), which permits debtors to avoid the fixing of judicial liens that impair exemptions from the bankruptcy estate. Second, she claims it can be avoided under § 522(h) as a preference within 90 days preceding the petition date. For the reasons stated below, only the latter argument is availing.

Bankruptcy Code § 522 vests debtors with an array of rights to protect certain property of the estate. Under § 522(b), "an individual debtor may exempt *from property of the estate* the property listed [in the subsection]." 11 U.S.C. § 522(b) (emphasis added). Exemption removes the property from the bankruptcy estate, putting it beyond the reach of creditors. Congress created this exemption to allow the debtor to retain certain property believed necessary to make a fresh start after the bankruptcy proceedings, including equity in a homestead, a motor vehicle, household goods, and trade tools. *See* 11 U.S.C. § 522(d). The mechanism is of no less significance than the purpose. Section 522(b) *exempts* certain property that would otherwise become part of

the estate; it does not grant blanket protection for all property or interests that are or may have been held by the debtor. If certain property cannot be part of the bankruptcy estate, it cannot be exempted from the estate. *See In re Gibbs*, 39 B.R. 214, 215 (Bankr. W.D. Ky. 1984).

The bankruptcy estate is defined in § 541 as "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). Although the estate is broadly defined to sweep in any interest of the debtor that may be used to satisfy creditors' claims, it establishes a clear line for fixing the extent of creditor's estate: the date of the petition or involuntary commencement of the bankruptcy case. 11 U.S.C. § 541; *United States v. Whiting Pools, Inc.*, 462 U.S. 198, 204-05 (1983); *In re Curry*, 347 B.R. 596, (B.A.P 6th Cir. 2006). There are various exceptions, the most important of which is that allowing recovery of avoidable preferences under § 547. Such property is included within the bankruptcy estate, however, only when it has become an "interest in property that the trustee recovers under" applicable provisions of the Bankruptcy Code. 11 U.S.C. § 541(a)(3). Therefore, Debtor could only exempt the $688 tax refund under § 522(b) if it was part of the estate under § 541(a) at the time of Debtor's filing of the petition, which would in turn require that Debtor had a legal or equitable interest in the refund on the petition date.

The existence and transfer of property rights of a debtor are issues left to state law. *Barnhill v. Johnson*, 503 U.S. 393, 398 (1992) (citing *McKenzie v. Irving Trust Co.*, 323 U.S. 365, 369-70 (1945)). Under Michigan law, a garnishment lien attaches upon service and is perfected upon entry of judgment. *Mary v. Lewis*, 249 N.W.2d 102, 106 (Mich. 1976). The judicial lien of CACH was perfected on November 2, 2009, by entry

4

of judgment. By operation of statute, CACH also obtained an unconditional right to the property no later than May 10, 2010. When a writ of garnishment attaches a Michigan tax refund, the Department of Treasury must intercept funds, file and serve the parties with a verified disclosure of the intercepted funds, and pay over the intercepted funds after 28 days if no objections are filed. Mich. Comp. Laws § 600.4061a(1). Objections must be filed within 14 days of service of the disclosure. Mich. Comp. Laws § 600.4061a(2). If no objections are filed during the time provided, the Department of Treasury is required to turn over the garnished funds. Mich. Comp. Laws § 600.4061a(1)(b). In the instant case, the disclosure was served on April 24, 2010, and Debtor failed to object. On May 10, 2010, Debtor thus lost all legal or equitable right to the $688 tax refund. Therefore, the refund was not part of the debtor's estate when she file a voluntary petition of bankruptcy on May 19, 2010. Because the refund was not property of the bankruptcy estate on the petition date, it could not be exempted from the estate under § 522(b).

Because Debtor had no interest in the $688 refund on the petition date, Debtor's appeal based on § 522(f) must fail. Subsection (f) allows a debtor to "avoid the fixing of a lien" only "to the extent such lien impairs an exemption to which the debtor would have been entitled *under subsection (b)*." 11 U.S.C. § 522(f) (emphasis added). Having no property interest in the funds at the time of the petition, Debtor could not have exempted the funds under § 522(b). Therefore, Debtor could not have avoided the garnishment transfer as "the fixing of a lien" under § 522(f). The bankruptcy court correctly found that Debtor had no interest in the property on the petition date, and thus could not have avoided the already executed garnishment under § 522(f).

Having rejected Debtor's argument based on § 522(f), the court must consider the alternative argument based on § 522(h). Subsection (h) permits a debtor to avoid transfers where, *inter alia*, 1) the transferred property could have been exempted under subsection (b) if it had not been transferred, and 2) the transfer would have been avoidable by the trustee under § 547. 11 U.S.C. § 522(g)–(h). Subsection 522(h) allows a debtor to avoid a transfer "to the extent that the debtor could have exempted such property under subsection (g)(1) of [§ 522] if the trustee had avoided such transfer" and the transfer would have been avoidable under § 547, where the trustee does not avoid the transfer. Subsection 522(g)(1) allows a debtor to exempt property recovered by a trustee "to the extent that the debtor could have exempted such property under subsection (b) of [§ 522] if such property had not been transferred," where the transfer was not voluntary and the debtor did not conceal the property. A transfer of "an interest of the debtor in property" may be avoided under § 547 if such transfer meets certain requirements. 11 U.S.C. § 457(b). A transfer may be avoidable as a preference if it is made to a creditor on account of an antecedent debt while the creditor was insolvent and within the 90 days preceding the petition date. 11 U.S.C. § 457(b). Even then, the transfer may not be avoided if the creditor receives no more by the transfer than by a hypothetical Chapter 7 liquidation. 11 U.S.C. 457(b)(5).

Debtor correctly notes that there may be multiple transfers regarding property interests, any of which may be avoided as a preference. *In re Arnold*, 132 B.R. 13, 15 (Bankr. E.D. Mich. 1991) (where there was a transfer upon perfection and another transfer upon payment). The "creation of a lien" is "a transfer of an interest of the debtor in property" for purposes of avoiding preferences. 11 U.S.C. § 101(54)(A); 11 U.S.C. §

6

547(b). It is settled law that in Michigan that perfection of a judicial lien or garnishment occurs when judgment is entered. *In re Battery One-Stop Ltd.*, 36 F.3d 493, 498 (6th Cir. 1994) (citing *In re Arnold*, 132 B.R. 13, 15 (Bankr. E.D. Mich. 1991)). Perfection effects a transfer of a distinct legal interest from that of possession. *See In re Compton*, 831 F.2d 586, 593-95 (5th Cir. 1987) (citing *In re Mercon Ind., Inc.*, 37 B.R. 549 (Bankr. E.D. Pa. 1984)) (discussing multiple transfers for purposes of avoidance under § 547). In the instant case, there were two relevant transfers. The first transfer occurred upon attachment and perfection on November 2, 2009. The second transfer at issue is the transfer of the legal interest of Debtor in the $688 tax refund, which occurred on May 10, 2010. On that date, Debtor lost all legal interest in the funds by the running of the period for objections to the garnishment. The payment of the funds to CACH sixteen days later transferred away from Debtor no legal interest—present or future—in any property.

Although the transfer effect by perfection of the judicial lien is not avoidable as a preference within 90 days before the petition date, the transfer of Debtor's remaining legal interest may be avoided. The second transfer was made for the benefit of a creditor, on account of an antecedent debt, within the 90-day preference period, and while the debtor is presumed to have been insolvent. 11 U.S.C. § 547(b)(1)-(4), (f). Debtor correctly notes that *In re Arnold* must be distinguished; the subsequent transfer of property within the preference period in that case was not avoidable only because the creditor perfected its lien prior to the preference period, which ensured the creditor would receive as much under a Chapter 7 liquidation without the transfer as it did with the transfer. *In re Arnold*, 132 B.R. at 15. The court in *In re Arnold* noted the different

7

result in a case where the creditor had failed to perfect its interest prior to the preference period. *Id.* at 16 (citing *In re Chambers*, 125 B.R. 788 (Bankr. W.D. Mo. 1991)). *In re Chambers* concerned avoidance of a disclaimer of interest on a motor vehicle, in which the creditor and seller had failed to perfect an interest in the property. 125 B.R. at 792. The court there determined that the transfer could be avoided under § 547 because the creditor received more than it would have otherwise received as an unsecured creditor. *Id.*

In the instant case, Debtor argues CACH will obtain a benefit because the property could have been exempted had it not been transferred prior to the petition date. Section 547(b)(5) allows avoidance of a transfer only if it "enables a creditor to receive more than such creditor would receive" in a Chapter 7 bankruptcy where "the transfer had not been made" and "such creditor received payment of such debt to the extent provided by the provisions of this title." Had the transfer not been made, viz. had Debtor objected to the garnishment and retained a legal interest in the property on the petition date, Debtor could have exempted the $688 refund from property of the estate by avoiding the judicial lien. *See* § 522(b)(1), (d)(5), (f)(1). Although the lien was properly perfected, it would nonetheless have been avoided under § 522(f), even as the remainder of the lien was avoided by the order of the bankruptcy court. The transfer of May 10, 2010, thus enabled CACH to receive more than it would have otherwise received. Therefore, the transfer would have been avoidable as a preference under § 547. As such, Debtor may avoid the transfer under § 522(h).

### IV. CONCLUSION

IT IS ORDERED that bankruptcy court's order is REVERSED IN PART in that Debtor's State of Michigan income tax refund for the tax year 2009 in the amount of $688 is exempt property of Debtor.

       S/Robert H. Cleland
       ROBERT H. CLELAND
       UNITED STATES DISTRICT JUDGE

Dated: December 20, 2010

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, December 20, 2010, by electronic and/or ordinary mail.

       S/Lisa Wagner
       Case Manager and Deputy Clerk
       (313) 234-5522